Martin J. Feinberg
Giordano, Halleran & Ciesla, P.C.
125 Half Mile Road, Suite 300
Red Bank, New Jersey 07701

Darin Klemchuk (pending *pro hac* admission)
Mandi Phillips (pending *pro hac* admission)
Klemchuk LLP
Campbell Centre II
8150 North Central Expressway, 10th Flr.
Dallas, TX 75206

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., | Civil Action No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| ACCESSORY CONSULANTS LLC | |
| Defendant. | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR TRADEMARK COUNTERFEITING, TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, UNFAIR COMPETITION, TRADEMARK DILUTION, COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## AND VIOLATIONS OF N.J. STAT §56:41 AND 56:3-13.20 *et seq*.

Plaintiff Luxottica Group S.p.A. ("Luxottica"), by its attorneys Giordano, Halleran & Ciesla, P.C., alleges on knowledge as to its own acts and otherwise on information and belief as follows:

## NATURE OF THE ACTION

1. This is an action for trademark counterfeiting, trademark infringement, false designation of origin and false advertising, trademark dilution, unfair competition and deceptive acts and practices in violation of the laws of the Unites States and the State of New Jersey. Luxottica seeks an injunction, damages and related relief.

## JURISDICTION AND VENUE

2. The Court has subject-matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. Plaintiff's claims are predicated upon the Lanham Act of 1946, as amended, 15 U.S.C. §1051, et seq., and related claims under the statutory and common law of New Jersey. The Court has supplemental jurisdiction over the New Jersey state law claims in this action under 28 U.S.C. § 1367(a) in that those claims arise out of the same transactions and occurrences giving rise to the federal Lanham Act claims and are so related to those claims as to be a part of the same case or controversy. The Court has original jurisdiction over Luxottica's unfair competition claim under 28 U.S.C. § 1338(b).

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) in that Defendant do and/or transact business, or may otherwise be found, in this judicial district, and the acts complained of have occurred and are occurring in this judicial district.

## THE PARTIES

4. Luxottica is an Italian corporation with its principal place located at Piazzale Luigi Cardona 3, 20123, Milan Italy.

5. Defendant Accessory Consulants LLC, is a New Jersey Limited Liability Company (hereinafter "ACL" or "Defendant")) with a principal place of business located at 601 Murray Road, East Hanover, NJ 07936. ACL imported, distributed, advertised, offered for sale and sold

the infringing/counterfeit products at issue in this case and otherwise regularly conducts business in New Jersey and within this judicial district.

## LUXOTTICA'S FAMOUS TRADEMARKS

6. Luxottica is engaged in the manufacture, marketing, and sale of premium, luxury, and sports eyewear throughout the world. Luxottica's proprietary brands include Ray-Ban®, the world's most famous sun eyewear brand, as well as Oakley®, Vogue Eyewear®, Persol®, Oliver Peoples®, Alain Mikli®, and Arnette®.

7. Through its affiliates and subsidiaries, Luxottica operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America, and Sunglass Hut worldwide.

8. Luxottica's Ray-Ban® products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its internet websites, including www.ray-ban.com, throughout the United States, including New Jersey.

9. Luxottica has used a variety of legally-protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban® products.

10. Luxottica has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban® products and associated trademarks.

11. As a result of its exclusive and extensive use, advertisement, and promotion, the Ray-Ban trademarks have acquired enormous value and recognition in the United States. The Ray-Ban trademarks are well known to the consuming public and trade as identifying and distinguishing Luxottica exclusively and uniquely as the source of origin of the high quality

products to which the marks are applied. The Ray-Ban trademarks are both inherently distinctive and famous.

12.     Luxottica is the owner of the following Ray-Ban trademarks registered with the United States Patent and Trademark Office (hereinafter collectively, the "Ray-Ban Trademarks")[1]:

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 650,499 | *Ray-Ban* (script logo) | FOR: SUNGLASSES, SHOOTING GLASSES, AND OPHTHALMIC LENSES, IN CLASS 26. |
| 1,080,886 | RAY-BAN | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPECTACLES – IN CLASS 9. |
| 1,093,658 | *Ray-Ban* (script logo) | FOR: OPHTHALMIC PRODUCTS AND ACCESSORIES – NAMELY, SUNGLASSES; EYEGLASSES; SPECTACLES; LENSES AND FRAMES FOR SUNGLASSES, EYEGLASSES, SPECTACLES AND GOGGLES; AND CASES AND OTHER PROTECTIVE COVERS FOR SUNGLASSES, EYEGLASSES, SPECTACLES– IN CLASS 9. |
| 1,320,460 | *Ray-Ban* (circular seal logo) | FOR: SUNGLASSES AND CARRYING CASES THEREFOR, IN CLASS 9. |

---

[1] All registrations of the Ray-Ban Trademarks originally held in the name of Bausch and Lomb, Luxottica's predecessor, were assigned to Luxottica in 1999.

4

| Registration Number | Trademark | Good and Services |
|---|---|---|
| 1,490,305 | RAY-BAN | FOR: CLOTHING, NAMELY, TSHIRTS, IN CLASS 25. |
| 1,726,955 | Ray-Ban | FOR: BAGS; NAMELY, TOTE, DUFFLE AND ALL PURPOSE SPORTS BAGS, IN CLASS 18. FOR: CLOTHS FOR CLEANING OPTHALMIC PRODUCTS, IN CLASS 21. FOR: CLOTHING AND HEADGEAR; NAMELY, HATS, IN CLASS 25. |
| 2,718,485 | RAY-BAN | FOR: GOODS MADE OF LEATHER AND IMITATION LEATHER, NAMELY, WALLETS, CARD CASES FOR BUSINESS CARDS, CALLING CARDS, NAME CARDS AND CREDIT CARDS, IN CLASS 18. FOR: CLOTHING FOR MEN AND WOMEN, NAMELY, POLO SHIRTS; HEADGEAR, NAMELY, BERETS AND CAPS. |
| 3,522,603 | Ray-Ban | FOR: SUNGLASSES, EYEGLASSES, LENSES FOR EYEGLASSES, EYEGLASSES FRAMES, CASES FOR EYEGLASSES, IN CLASS 9. |

13. The foregoing registrations are valid and subsisting and are in full force and effect and a majority have achieved incontestable stats pursuant to 15 U.S.C. § 1065.

**DEFENDANT' WRONGFUL ACTIVITIES**

14. Defendant, without the consent of Luxottica, imported, advertised, distributed, offered for sale and/or sold in interstate commerce, eyewear bearing unauthorized reproductions,

5

counterfeits, copies and colorable imitations and/or marks that are confusingly similar to the Ray-Ban Trademarks (the "Offending Eyewear") to Image Warehouse LLC, through its sales representative, Avers Merchandise Group, Inc. Photographs of examples of the Offending Eyewear are depicted below:

Offending Eyewear - Counterfeit Ray-Ban Aviator sunglasses:



Offending Eyewear - Counterfeit Ray-Ban folding Wayfarer sunglasses:



6

15. Long after Luxottica's adoption, use and authorization of use of the Ray-Ban Trademarks on eyewear, clothing and accessories, and long after Luxottica's federal registration of its trademarks, Defendant commenced the importation, distribution, advertisement, offer for sale and sale of the Offending Eyewear bearing infringements and/or counterfeits of the Ray-Ban Trademarks, as this trademark appears on products authorized by Luxottica and as detailed in this Complaint.

16. The acts of Defendant in importing, distributing, advertising, offering for sale and selling in interstate commerce of the Offending Eyewear bearing infringements and/or counterfeits of the Ray-Ban Trademarks: (a) are likely to cause confusion and mistake among the consuming public that there is some affiliation, connection or association of Defendant with Luxottica, (b) are likely to cause confusion and mistake among the consuming public that said products are being offered to the consuming public with the sponsorship or approval of Luxottica, and/or (c) have caused and are likely to cause dilution of the distinctive quality of the Ray-Ban Trademarks.

17. Defendant imported, distributed, advertised, offered for sale and sold the Offending Eyewear knowing that the eyewear bore infringements and/or counterfeits of the Ray-Ban Trademarks or willfully ignored whether the eyewear bore infringements and/or counterfeits of the Ray-Ban Trademarks.  Defendant engaged in a deliberate effort to cause confusion and mistake among the consuming public as to the source, affiliation and/or sponsorship of said products and, to gain to Defendant, the benefit of the enormous goodwill associated with the Ray-Ban Trademarks.  The aforementioned acts of Defendant are also likely to dilute, and have diluted, the distinctive quality of the Ray-Ban Trademarks.

18. On or about November 19, 2018, Luxottica's counsel placed Defendant on notice via cease and desist letter regarding its importation, distribution, advertisement, offer for sale and

sales of the Offending Eyewear. This letter requested a) the identification of the source of the Offending Eyewear; b) the quantities of Offending Eyewear that remained in Defendant's possession, custody or control and; c) a full accounting of all prior sales of the Offending Eyewear in an effort to resolve these infringement/counterfeiting issues without litigation.

19. After not receiving any response to its initial letter, on or about December 11, 2018, Luxottica's counsel sent a follow-up letter via email and regular mail to Defendant.

20. On or about December 11, 2018, Steven Poznak, the Managing Member of ACL, emailed Luxottica's counsel and indicated that ACL had obtained counsel but he failed to express its willingness to cease the sale of the Offending Eyewear or to cooperate with Luxottica in order to reach an amicable resolution.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADEMARK COUNTERFEITING IN VIOLATION OF 15 U.S.C § 1114

21. Luxottica repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

22. The Ray-Ban Trademarks, as they are being used by Defendant, are identical with or substantially indistinguishable from the registered Ray-Ban Trademarks. Accordingly, Defendant has engaged in trademark counterfeiting in violation of 15 U.S.C. § 1114.

23. Such conduct on the part of Defendant has injured Luxottica in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Luxottica for which Luxottica has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## FEDERAL TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114

24. Luxottica repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

25. Defendant's use of the Ray-Ban Trademarks, without Luxottica's consent, constitutes trademark infringement in violation of 15 U.S.C. § 1114, in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval or sponsorship of the goods bearing infringements of the Ray-Ban Trademarks.

26. Such conduct on the part of Defendant has injured Luxottica in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Luxottica for which Luxottica has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, AND UNFAIR COMPETITION PURSUANT TO 15 U.S.C § 1125(a)

27. Luxottica repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

28. Defendant's use of the Ray-Ban Trademarks, without Luxottica's consent, constitutes the use of false or misleading designations of origin and/or the making of false or misleading representations of fact and/or false advertising in commercial advertising or promotion, in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source or approval of the goods manufactured, imported, distributed, advertised, offered for sale and/or sold by Defendant bearing infringements and/or counterfeits of the Ray-Ban Trademarks

Docs #3685372-v2

29. Such conduct on the part of Defendant has injured Luxottica in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Luxottica, for which Luxottica has no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### FEDERAL TRADEMARK DILUTION PURSUANT TO 15 U.S.C. § 1125(c)

30. Luxottica repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

31. The Ray-Ban Trademarks are famous and inherently distinctive. Luxottica and its affiliates, in connection with the promotion and sale of their products, have used the Ray-Ban Trademarks for decades on both a national and international basis. As a result of Luxottica's extensive and substantial promotion of the Ray-Ban Trademarks, the consuming public and trade have come to associate the Ray-Ban Trademarks uniquely and distinctly with Luxottica and its high quality merchandise.

32. Long after the Ray-Ban Trademarks became famous, Defendant, without authority from Luxottica, used unauthorized reproductions, counterfeits, copies and colorable imitations and/or marks confusingly similar to the Ray-Ban Trademarks and thereby caused, and is causing, the actual dilution of the distinctive qualities of these registered trademarks.

33. As a result, Defendant has engaged in trademark dilution in violation of 15 U.S.C. § 1125(c).

34. Such conduct on the part of Defendant has injured Luxottica in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Luxottica, for which Luxottica has no adequate remedy at law.

Docs #3685372-v2

## FIFTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

35. Luxottica repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

36. The aforementioned acts of Defendant constitute trademark infringement and unfair competition in violation of the common law of the State of New Jersey.

37. Such conduct on the part of Defendant has injured Luxottica in an amount to be determined at trial and has caused and threatens to cause irreparable injury to Luxottica, for which Luxottica has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## UNFAIR COMPETITION (N.J. STAT. § 56:4-1 *et seq.*)

38. Luxottica repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

39. The aforementioned acts of Defendant constitute unfair competition in violation of N.J. Stat. § 56:4-1 *et seq*.

40. Such misconduct on the part of Defendant has injured Luxottica in an amount to be determined at trial and has caused and will continue to cause irreparable injury to, for Luxottica which Luxottica has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## DILUTION (N.J. STAT § 56: 3-13.20)

41. Luxottica repeats and realleges the allegations contained in the preceding paragraphs as if fully set forth herein.

42. Long after the Ray-Ban Trademarks became famous, Defendant, without authority from Luxottica, willfully used unauthorized reproductions, counterfeits, copies and colorable

imitations or marks confusingly similar to the Ray-Ban Trademarks and thereby caused, and is causing, the actual dilution of the distinctive qualities of these registered trademarks.

43. The aforementioned acts of Defendant constitute willful trademark dilution in violation of N.J. Stat. § 56:3-13.20.

44. Such conduct on the part of Defendant has injured Luxottica in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Luxottica for which Luxottica has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Luxottica demands judgment as follows:

1. Ordering Defendant to preserve and produce all documents, eyewear and other things regarding, referring or reflecting the design, manufacture, importation, exportation, distribution, promotion, advertisement, offer sale and/or sale of any products bearing the Ray-Ban Trademarks, including, but not limited to, any written, typed, photocopied, photographed, recorded, computer generated or stored, or other communication or representation, either stored manually or digitally in any computer memory, hard drive, server or other form retrievable by a computer which are currently in Defendant's custody, possession or control or in the custody, possession or control.

2. Preliminarily and Permanently enjoining and restraining Defendant, their respective subsidiaries, affiliates, divisions, officers, directors, principals, members, servants, employees, successors and assigns, and all those in active concert or participation with them from:

   (a) imitating, copying or making unauthorized use of the Ray-Ban Trademarks or any marks confusingly similar thereto;

(b)  manufacturing, importing, exporting, distributing, circulating, advertising, promoting or displaying, offering for sale or selling any products bearing any unauthorized reproduction, counterfeit, copy or colorable imitation of the Ray-Ban Trademarks or any marks confusingly similar thereto;

(c)  using any unauthorized colorable imitation of the Ray-Ban Trademarks, or any marks confusingly similar thereto, in connection with the manufacture, import, export, distribution, circulation, advertisement, promotion, display, offer for sale, and sale of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Luxottica or to any goods sold, sponsored, approved by, or connected with Luxottica;

(d)  using any unauthorized colorable imitation of the Ray-Ban Trademarks, or any marks confusingly similar thereto, in connection with the manufacture, import, export, distribution, circulation, advertisement, promotion, display, offer for sale, and sale of any product which dilutes or is likely to dilute Luxottica's image, trade names or reputation or the distinctive quality of the Ray-Ban Trademarks;

(e)  engaging in any other activity constituting unfair competition with Luxottica or constituting an infringement of the Ray-Ban Trademarks or of Luxottica's rights in, or its right to use or exploit such trademarks, or constituting dilution of the Ray-Ban Trademarks, and the reputation and the goodwill associated therewith;

(f)  making any statement or representation whatsoever, with respect to the infringing/counterfeit goods at issue, that falsely designates the origin of the products as those of Luxottica, or that is false or misleading with respect to Luxottica; and

(g)  engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the Ray-Ban Trademarks, or any

marks confusingly similar thereto, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 2(a) through 2(f) above.

3. Directing Defendant to file and serve on Luxottica within thirty (30) days after the entry of a permanent injunction, a written report sworn under oath setting forth in detail the manner and form in which Defendant have complied with the terms of the injunction.

4. That Defendant be adjudged to have violated 15 U.S.C. § 1114 by infringing and/or counterfeiting of the Ray-Ban Trademarks.

5. That Defendant be adjudged to have violated 15 U.S.C. § 1125(a).

6. That Defendant be adjudged to have violated 15 U.S.C. § 1125(c) by diluting the Ray-Ban Trademarks.

7. That Defendant be adjudged to have infringed upon the Ray-Ban Trademarks and engaged in activities which constitute trademark infringement and unfair completion in violation of the common law of the State of New Jersey.

8. That Defendant be adjudged to have engaged in activities that constitute unfair competition in violation of the laws of State of New Jersey.

9. That Defendant be adjudged to have engaged in activities that are likely to dilute the distinctive quality of the Ray-Ban Trademarks in violation of the laws of the State of New Jersey.

10. Directing Defendant to deliver for destruction all Offending Eyewear and components bearing the Ray-Ban Trademarks, or anything confusingly similar thereto, remaining in Defendant's inventory and all products, labels, tags, artwork, prints, signs, packages, boxes, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and

advertisements relating to the Offending Eyewear in its possession, custody or control bearing resemblance to the Ray-Ban Trademarks and/or any marks that are confusingly similar thereto.

11. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any product at issue in this case that has been offered for sale, sold and/or otherwise circulated or promoted by Defendant is authorized by Luxottica and/or is related to or associated in any way with Luxottica and/or Luxottica's products.

12. Requiring Defendant to account and pay over to Luxottica, all profits realized by its wrongful acts and directing that such profits be trebled as to Defendant's willful actions or at Luxottica's election, seek statutory damages of up to $2,000,000 per mark for each type of product used on or in connection with Defendant's infringing/counterfeiting activities.

13. Awarding Luxottica its costs, expenses, reasonable attorneys', investigatory and destruction fees.

14. Retaining jurisdiction of this action for the purpose of enabling Luxottica to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

15. Awarding Luxottica such other and further relief as the Court may deem just and proper.

Dated: Red Bank, New Jersey
April 29, 2019

GIORDANO, HALLERAN & CIESLA, P.C.

By: _____
Martin J. Feinberg
Giordano, Halleran & Ciesla, P.C.
125 Half Mile Road, Suite 300
Red Bank, New Jersey 07701
Telephone: (732) 741-3900
Fax: (732) 224-6599
mfeinberg@ghclaw.com


Darin Klemchuk (pending *pro hac* admission)
Mandi Phillips (pending *pro hac* admission)
Klemchuk LLP
Campbell Centre II
8150 North Central Expressway, 10th Flr.
Dallas, TX 75206
Telephone: (214) 367-6000
Fax: (214) 367-6001
darin.klemchuk@klemchuk.com
mandi.phillips@klemchuk.com

*Attorneys for Plaintiff
Luxottica Group S.p.A.*

Docs #3685372-v2