Martin J. Feinberg
Giordano, Halleran & Ciesla, P.C.
125 Half Mile Road, Suite 300
Red Bank, New Jersey 07701

Darin Klemchuk (pending *pro hac* admission)
Mandi Phillips (pending *pro hac* admission)
Klemchuk LLP
Campbell Centre II
8150 North Central Expressway, 10th Flr.
Dallas, TX 75206

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., <br><br> Plaintiff, <br><br> v. <br><br> ACCESSORY CONSULANTS LLC <br><br> Defendant. | Civil Action No. 2:19-cv-11732-KM-MAR <br><br> ORDER and FINAL JUDGMENT BY DEFAULT AGAINST ACCESSORY CONSULANTS, LLC |

This matter comes before the Court by way of Plaintiff Luxottica Group S.p.A.'s (hereinafter, "Plaintiff") motion for default judgment [Dkt. 10]; and the Court having considered the submissions; and for the reasons explained in the Opinion of today's date; and for good cause shown;

IT IS this 20th day of April, 2020, hereby

ORDERED that Plaintiff's motion for default judgment [Dkt. 10] shall be, and hereby is GRANTED; and it is further

DEFAULT JUDGMENT AND PERMANENT INJUNCTION

ORDERED that Judgment shall be entered in favor of Plaintiff Luxottica Group S.p.A. and against Defendant Accessory Consultants LLC in the amount of $___750,000.00___; and it is further

ORDERED that Defendant and its officers, agents, servants, employees and attorneys, and all persons acting in concert and participation with Defendant are hereby PERMANENTLY RESTRAINED AND ENJOINED from:

(a) imitating, copying or making unauthorized use of the Ray-Ban Trademarks or any marks confusingly similar thereto;

(b) manufacturing, importing, exporting, distributing, circulating, advertising, promoting or displaying, offering for sale or selling any products bearing any unauthorized reproduction, counterfeit, copy or colorable imitation of the Ray-Ban Trademarks or any marks confusingly similar thereto;

(c) using any unauthorized colorable imitation of the Ray-Ban Trademarks, or any marks confusingly similar thereto, in connection with the manufacture, import, export, distribution, circulation, advertisement, promotion, display, offer for sale, and sale of any product in such manner as to relate or connect, or tend to relate or connect, such product in any way with Luxottica or to any goods sold, sponsored, approved by, or connected with Luxottica;

(d) using any unauthorized colorable imitation of the Ray-Ban Trademarks, or any marks confusingly similar thereto, in connection with the manufacture, import, export, distribution, circulation, advertisement, promotion, display, offer for sale,

and sale of any product which dilutes or is likely to dilute Luxottica's image, trade names or reputation or the distinctive quality of the Ray-Ban Trademarks;

(e) engaging in any other activity constituting unfair competition with Luxottica or constituting an infringement of the Ray-Ban Trademarks or of Luxottica's rights in, or its right to use or exploit such trademarks, or constituting dilution of the Ray-Ban Trademarks, and the reputation and the goodwill associated therewith;

(f) making any statement or representation whatsoever, with respect to the infringing/counterfeit goods at issue, that falsely designates the origin of the products as those of Luxottica, or that is false or misleading with respect to Luxottica; and

(g) engaging in any other activity, including the effectuation of assignments or transfers of its interests in unauthorized colorable imitations of the Ray-Ban Trademarks, or any marks confusingly similar thereto, the formation of other corporations, partnerships, associations or other entities or the utilization of any other devices, for the purpose of circumventing, evading, avoiding or otherwise violating the prohibitions set forth in subsections 2(a) through 2(f) above; and it is further

ORDERED that

(a) Defendant shall preserve and produce all documents, eyewear, and other things regarding, referring or reflecting the design, manufacture, importation, exportation, distribution, promotion, advertisement, offer sale and/or sale of any products bearing the Ray-Ban Trademarks, including, but not limited to, any written, typed, photocopied, photographed, recorded, computer generated or stored, or other communication or representation, either stored manually or digitally in any

computer memory, hard drive, server or other form retrievable by a computer which are currently in Defendant's custody, possession or control or in the custody, possession or control;

(b) Defendant shall file and serve on Luxottica within thirty (3) days after the entry of a permanent injunction, a written report sworn under oath setting forth in detail the manner and form in which Defendant has complied with the terms of the injunction.

(c) Defendant be ordered to deliver or destruction all Offending Eyewear and components bearing the Ray-Ban Trademarks, or anything confusingly similar thereto, remaining in Defendant's inventory and all products, labels, tags, artwork, prints, signs, packages, boxes, dies, plates, molds, matrices and any other means of production, wrappers, receptacles and advertisements relating to the Offending Eyewear in its possession, custody or control bearing resemblance to the Ray-Ban Trademarks and/or any marks that are confusingly similar thereto; and it is further

ORDERED that counsel for Plaintiff shall forthwith cause a copy of this Default Judgment and Permanent Injunction to be served upon Defendant by regular mail, with return receipt requested, at Defendant's last known address, or alternatively, by personal service, and to certify, by Affidavit of Service, that counsel for Plaintiff has done so; and it is further

ORDERED that the clerk shall close this case upon the docket, without prejudice to reopening for further proceedings consistent with law.

_____
UNITED STATES DISTRICT JUDGE